IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MITCH FRANKS                                                                                    PLAINTIFF

VS.                                                              CIVIL ACTION NO.:1:07-CV108-SA-JAD

CHARLES EAST; ROBERT A. CAMPBELL;                                                   DEFENDANTS
FMC TECHNOLOGIES, INC.; JOHN DOE
DEFENDANTS NO. 1 THROUGH 10; AND ABC COMPANIES
NUMBER 1 THROUGH NUMBER 10

**MEMORANDUM OPINION DENYING REMAND**

This cause comes before the Court on Plaintiff's Motion to Remand and Supplemental Motion to Remand requesting the Court remand this case to the Circuit of Chickasaw County, Mississippi. The Court has considered the motions, responses, rebuttals, as well as supporting and opposing authorities, and finds that the Motion is not well taken and should be denied.

**I. Factual Background and Procedural History**

The Plaintiff filed this action in the Circuit Court of Chickasaw County, Mississippi, on March 6, 2007, asserting state-law causes of action for wrongful termination. The Defendants subsequently removed the case to this Court, asserting federal question jurisdiction as the basis for removal under 28 U.S.C. § 1331 and § 1441. Defendants support their removal as follows:

> Federal question jurisdiction is invoked because the allegations in Franks' Complaint filed in the State Court purport to state a cause of action in an area of law completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). ERISA preempts one or more state law claims alleged in Franks' Complaint and provides exclusive federal remedy for resolution of claims pertaining to employee welfare benefit plans, including the "medical, retirement, and associated benefits" referred in the Complaint.

Plaintiff now moves for remand or to amend his Complaint arguing that this Court may not

properly exercise subject matter jurisdiction over this case, because due to a mistake of fact, Plaintiff inadvertently alleged a claim arising under federal law.

## II. Discussion

Defendants removed this case pursuant to 28 U.S.C. § 1331 and § 1441. To establish federal question jurisdiction for removal purposes, the civil action must be "founded on a claim or right arising under the Constitution, treaties or laws of the United States . . . without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). Furthermore, if a separate and independent claim establishing federal question jurisdiction "is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." 28 U.S.C. § 1441(c).

Under the well-pleaded complaint rule, "a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003). In support of his argument that he has not alleged a claim arising under federal law, Plaintiff's Motion to Remand contends:

> The loss of any employer-provided benefits governed by ERISA that accompanied the termination of Plaintiff's employment was merely a consequence of the wrongful conduct by the Defendants, and not a separate claim upon which Plaintiff filed suit.

Plaintiff, however, in the "Facts" section rather than the "Relief Requested" section of his Complaint alleges:

> Defendants wrongfully converted the monetary bonus and increased salary due Plaintiff. Additionally, Defendants constructively converted the medical, retirement, and associated benefits owed.

2

In his Supplemental Motion to Remand, Plaintiff advised the Court that the portion of his Complaint in question was based on a mistake of fact now discovered. At the filing of the Complaint, the Plaintiff believed that his wrongful firing caused him to lose the right to any retirement benefits that he might have acquired from Defendant FMC Technologies. Also, Plaintiff believed he had no vested interest in the health insurance benefits that FMC Technologies provided and no substantive right to continue those benefits after his termination. However, additional facts now have been revealed to the Plaintiff.

The state court Complaint was filed on March 6, 2007. Thereafter, on April 9, 2007, FMC Technologies issued a statement to Plaintiff which indicated he was in fact fully vested in FMC Technologies' retirement plan and will receive under said plan when Plaintiff reaches retirement age. As to medical benefits, Plaintiff was afforded the opportunity to continue his health insurance benefits under COBRA after his termination, so the benefits afforded by the ERISA plan were indeed available to Plaintiff. Therefore, Plaintiff did not lose any retirement or medical benefits as a result of his termination as alleged in the Complaint. The Plaintiff admits the allegation that his pension and medical benefits were "converted" by FMC Technologies was not supported by the facts.

The Court, therefore, is presented a jurisdictional dilemma. Based on (1) Plaintiff's vehement arguments that they have not alleged a federal claim in this lawsuit; (2) Plaintiff's stipulation in his remand motion that he has not asserted "any federal claims in the Complaint, or sought any damages under any federal statute, rule or regulation;" (3) Plaintiff's mistakes of fact concerning his retirement plan vesting and availability of COBRA; and (4) the fact that in all but one of the substantive allegations in the Complaint, Plaintiff cites only to alleged violations of Mississippi law, the Court finds that the reference to conversion of benefits was in error.

The Court, however, cannot simply remand, and thereby relinquish jurisdiction over a case that alleges a claim, albeit seemingly mistakenly, arising under federal law. See 28 U.S.C. § 1331 (providing "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."); see also 28 U.S.C. § 1144(a) (ERISA preempts state laws insofar as they may relate to any employee benefit plan under ERISA); McClelland v. Gronwaldt, 155 F.3d 507, 515-19 (5th Cir. 1998) (complete preemption under ERISA requires that the plaintiff's allegations both "relate to" an ERISA plan and can be asserted as an ERISA cause of action).

As Plaintiff's Complaint alleges a claim arising under federal law, the Court finds that his Motion to Remand and Supplemental Motion to Remand must presently be denied. Based on the unique circumstances of this case, the Court grants Plaintiff leave of Court to file an amended complaint through which he may voluntarily dismiss his claims arising under federal law, specifically the alleged conversion of retirement and medical benefits, if he so chooses.

The Court finds that Defendants will not be prejudiced in the event Plaintiff is permitted to amend his Complaint in this manner. In the event such amended complaint is filed, the Court will then revisit whether remand is appropriate pursuant to 28 U.S.C. §§ 1367, 1141(c), and 1447(c). See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988) (finding that when "the single federal-law claim in the action [is] eliminated at an early stage of the litigation, the District Court has a powerful reason to choose not to continue to exercise jurisdiction."); Jones v. Houston Indep. Sch. Dist., 979 F.2d 1004, 1007 (5th Cir. 1992) (finding that a "district court has discretion to remand pendent state law claims after the plaintiff has dropped the federal cause of action on which removal was originally based."); Boelens v. Redman Homes, Inc.,

4

759 F.2d 504, 507 n. 2 (5th Cir. 1985) (explaining that "[a]lthough the voluntary dropping of all federal claims by a plaintiff in a removed case does not oust federal jurisdiction, the federal court may still exercise its discretion to not retain pendent jurisdiction over the remaining state claims.").

### III. Conclusion

Based on the foregoing reasons, the Plaintiff's Motion to Remand [8] and Supplemental Motion to Remand [17] are presently DENIED. The Plaintiff is granted twenty (20) days to file an amended complaint. If an amended complaint is filed, the Court will revisit whether remand is appropriate pursuant to 28 U.S.C. §§ 1367, 1441(c), and 1447(c).

A separate order in accordance with this opinion shall issue this day.

**SO ORDERED** this the 26th day of August 2008.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**