# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**MITCH FRANKS**                                                                                      **PLAINTIFF**

**VS.**                                 **CIVIL ACTION NO.:1:07-CV108-SA-JAD**

**CHARLES EAST; ROBERT A. CAMPBELL;**                         **DEFENDANTS**
**FMC TECHNOLOGIES, INC.; JOHN DOE**
**DEFENDANTS NO. 1 THROUGH 10; AND ABC COMPANIES**
**NUMBER 1 THROUGH NUMBER 10**

## MEMORANDUM OPINION GRANTING REMAND

Presently before the Court is Plaintiff's Second Supplemental Motion to Remand [28]. The Court finds as follows:

**I.**      **Procedural History**

The Complaint was filed in the Circuit Court of Chickasaw County, Mississippi, on March 6, 2007. Shortly thereafter, Defendants removed this action alleging federal question jurisdiction under the complete preemption doctrine for claims that implicate the Employee Retirement Income Security Act [ERISA]. Plaintiff filed his Motion to Remand on June 6, 2007, and his Supplemental Motion to Remand on July 5, 2007. This Court found the Complaint alleged a claim arising under federal law and denied Plaintiff's request to remand on August 26, 2008. However, due to mistakes of fact in Plaintiff's Complaint, the Court granted Plaintiff leave to amend his Complaint, thereby eliminating any federal claim. The Court agreed to revisit whether remand is appropriate if such amendment was made. Plaintiff amended his Complaint and filed a Second Supplemental Motion to Remand.

In support of the Second Supplemental Motion to Remand, Plaintiff asserts that the claim for conversion of pension and medical benefits was incorporated due to a mistake of fact at the time

of filing. Although the original Complaint reasonably could be construed to invoke federal question jurisdiction, it is now apparent that the Plaintiff was under a mistaken assumption and did not intend to assert a federal cause of action. See Bryant v. Mississippi Power & Light Co., 722 F. Supp. 298, 299 (S.D. Miss. 1989) (remanding case in which plaintiff "apparently never intended to assert a federal cause of action"); Johnson v. First Fed. Sav. and Loan Ass'n, 418 F. Supp. 1106, 1108 (E.D. Mich. 1976) (concluding that "plaintiffs' inclusion of the specific federal claims . . . was inadvertent" and the change "contemplated by plaintiffs is more in the nature of reformation of the complaint than an amendment to it"). This Court must now decide whether to exercise supplemental jurisdiction over the remaining state law claims, or whether the state law claims should be remanded.

In response to Plaintiff's Second Supplemental Motion to Remand, Defendants admit that Plaintiff's First Amended Complaint no longer contains an ERISA claim subject to federal question jurisdiction under 28 U.S.C. § 1331. However, Defendants contend that jurisdiction is still appropriate in this Court because complete diversity now exists between all parties, and in the alternative, the Court should exercise its discretion to retain federal jurisdiction.

**II.    Discussion**

Since the Complaint on its face implied a violation of a federal statute, the Court finds that the removal was proper, and the amendment does not defeat removal jurisdiction. Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 265 (5th Cir. 1995) (stating the "general rule that removal jurisdiction should be determined on the basis of the state court complaint at the time of removal, and that a plaintiff cannot defeat removal by amending it"). Therefore, whether the supplemental state claims should be remanded "is a question of judicial discretion, not of subject matter jurisdiction." In re Carter, 618 F.2d 1093, 1101 (5th Cir. 1980); Sheet Metal Workers' Int'l Ass'n

v. Carter, 450 U.S. 949, 951, 101 S. Ct. 1410, 67 L. Ed. 2d 378 (1981). An order granting leave to amend the complaint to eliminate federal claims falls within the purview of Section 1367(c)(3). 28 U.S.C. § 1367(c)(3) (holding that district court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction"); see In re Prairie Island Dakota Sioux, 21 F.3d 302, 304 (8th Cir. 1994).

**A.     Supplemental Jurisdiction**

All that remains in this case are Plaintiff's state law claims. Defendants request that this Court retain supplemental jurisdiction over these claims. A district court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Generally, the district court should decline to exercise jurisdiction over pendent state law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial. Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n. 7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988) (stating that "in the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered under pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims"). "[P]endent jurisdiction lies in consideration of judicial economy, convenience and fairness to the litigants; if these are not present, a federal court should hesitate to exercise jurisdiction over state law claims, even though they are bound to apply state law to them . . . . Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state law claims should be dismissed as well." Parker & Parsley Petroleum Co., v. Dresser Indus., 972 F. 2d 580, 585 (5th Cir. 1992) (citing United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 218 (1966)). "No single factor– such as whether the case is in an 'early state' or involves

novel issues of state law – is dispositive." Parker, 972 F. 2d at 587. Instead, the court must "look to all the factors under the specific circumstances of a given case." Id. Having done so here, the Court concludes that this matter justifies no departure from the usual rule that dismissal is required.

The Court notes that the remaining claims do not involve "novel or complex" issues of state law. Procedurally, this case is in its earliest stages and little, if any, discovery relative to the state-law claims, have been completed by the parties. These factors, therefore, militate against the exercise of supplemental jurisdiction. See Carnegie-Mellon, 484 U.S. at 351, 108 S. Ct. 614 ("When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to exercise jurisdiction."). "Needless decisions of state law should be avoided both as a matter of economy and to promote justice between the parties by procuring for them a surer-footed reading of the applicable law." Parker & Parsley Petroleum v. Dresser Industries, 972 F.2d 580, 585 (5th Cir. 1992). Balancing the relevant factors of judicial economy, fairness, and comity, the Court is of the opinion that it should decline to exercise supplemental jurisdiction over the remaining state-law claims.

**B.     Diversity Jurisdiction**

Defendants argue that this Court should retain jurisdiction over this matter as complete diversity now exists. Diversity jurisdiction exists in a civil matter where the amount in controversy exceeds $75,000, exclusive of interests and costs, and the dispute is between citizens of different states. 28 U.S.C. § 1332. The Complaint seeks "actual, compensatory, consequential, and incidental damages in the amount of $500,000, or an amount reasonably determined by a jury, whichever is greater, and punitive damages in the amount of $2,000,000.00 . . . ." The Court finds that the amount in controversy exceeds $75,000. Defendants further assert that although diversity

jurisdiction did not exist at the time of Complaint's filing or time of removal, diversity jurisdiction did exist as of the date Plaintiff filed his Amended Complaint. Defendants request the Court retain jurisdiction based on diversity of citizenship, even though they would be unable to remove the case on this basis. 28 U.S.C. § 1446 (stating that a defendant may not remove a diversity case more than one year after commencement of the action).

Although the parties do not dispute that Defendant Charles East was domiciled in the State of Mississippi at the time the suit was originally filed on March 6, 2007, Defendants now allege that as of September 2007, Mr. East became a citizen of Utah. Defendants agree that diversity jurisdiction must exist at the time the lawsuit is filed. Grup Dataflux v. Atlas Global Group, 541 U.S. 567, 570-71, 124 S. Ct. 1920, 158 L. Ed. 2d 866 (2004) (holding that the court's jurisdiction depends upon the state of things at the time of the action brought); Oliney v. Gardner, 771 F. 2d 856, 858-59 (5th Cir. 1985) (stating that if diversity did not exist when action commenced, it cannot be created by later change of domicile). However, Defendants argue that because Plaintiff voluntarily filed an amended complaint, the Court should rely upon the citizenship of the parties the day the amended complaint was filed – September 15, 2008, and retain jurisdiction over the remaining state law claims. See Yarnevic v. Brink's Inc., 102 F.3d 753, 754 (4th Cir. 1996) ("Diversity may be created after the filing of a complaint through voluntary acts of the plaintiff."). The rationale for this exception is that if a plaintiff has created diversity by his voluntary act, he is deemed to have relinquished his right to select his forum. OJB, Inc. v. Dowell, a Div. Of Dow Chem. Co., 650 F. Supp. 42, 44 (N.D. Tex. 1986).

The exception relied upon by Defendants deals with removability of an action not retention of jurisdiction by the Court. Moreover, the exception is that a case nonremovable on the initial

5

pleadings could become removable only pursuant to a voluntary act of the plaintiff. <u>Weems v. Louis Dreyfus Corp.</u>, 380 F.2d 545, 547 (5th Cir. 1967). This exception usually applies in cases where a Plaintiff voluntarily dismisses a non-diverse defendant. Here, however, Plaintiff's voluntary act of amending his Complaint alone did not create diversity of citizenship. Instead, Defendant East's alleged change of domicile to Utah was a unilateral act taken by Defendant East. Therefore, the Court finds the "voluntary act" exception does not apply in this case as Plaintiff has not relinquished his right to select his forum.

### III. Conclusion

For the foregoing reasons, the Court finds that the factors of judicial economy, convenience, and fairness, and comity weigh in favor of remand. Accordingly, the Court in its discretion will decline to exercise supplemental jurisdiction over the state law claims. Therefore, Plaintiff's Second Supplemental Motion to Remand [28] is GRANTED.

A separate order in accordance with this opinion shall issue this day.

SO ORDERED this the 28th day of April 2009.

                                        **/s/ Sharion Aycock**
                                        **UNITED STATES DISTRICT JUDGE**